GREEN vs, DAVIS & AL.

A purchaser of the property of a succession, cannot offer in compensation a note of the testator,

APPEAL from the court of the 7th district.

MATHEWS, J. delivered the opinion of the court. This suit is founded on a promissory note, by which it appears that the defendants agreed to pay to the plaintiff, in his capacity of executor, the sum of 650 dollars.—Their answer does not deny the execution of the note, or justice of the claim made on the part of the plaintiff; but contains a plea of compensation, in support of which they allege several sums of money to be due to them from the testator and his executor. The principal item in support of the plea of compensation was rejected by the court below ; and the defendants, dissatisfied with the judgment which was rendered, appealed.

The evidence and documents of the case, shew the items of set-off, or compensation, to be four in number; three of which appear to have been settled by a judgment of the court of probates for the parish of Concordia, in a proceeding which took place between the present appellee, and one of the appellants, viz. Davis. The judgment rendered by the court of probates appears to us to have been given according to the true spirit and meaning of our laws relating to the administration of inheritances. It orders a concurrent and *pro rata* payment of debts, due from the testator to various creditors who presented their claims to the court; amongst whom, Davis, one of the defendants to the present suit, seems to have appeared. This judgment, on the face of it, exhibits an adjustment and decree only in favour of one of the persons defendants to the present action; and, perhaps, on this ground alone, might have been legally rejected as evidence of compensation. But the sums claimed as set-offs, are in our opinion so clearly inadmissible, without doing violence to our system of jurisprudence established for the administration of the estates of deceased persons, that it is deemed unnecessary to de-

Western Dis,
October 1828,

GREEN
*vs.*
DAVIS & AL,

cide any thing positively in relation to the discrepancy between the party defendants to this suit, and that in whose name the debt proposed as a set off, appears to stand.

According to the judgment of the court of probates above cited, the appellee could not have paid, with propriety, the whole debt due to the appellant, Davis. The latter was bound to await a just and full administration of the estate managed by the former in his capacity of executor, and receive payment from him according to a legal distribution of the funds in his possession.

To give effect to the compensation thus offered, would be contrary to the very evidence which establishes the debt due from the succession of the testator to one of the defendants; and in violation of the justice and equity inculcated by our laws on the subject of successions.

The note of the testator, dated in 1823, and transferred by endorsement to Davis, ought not to have been admitted in compensation. The present suit is brought on a promise made to the executor, in consideration of property purchased by the defendants at the sale of Dunlap's succession. If creditors of

of an estate were to be admitted to compen-
sate in this manner debts contracted by them
on account of property adjudicated under
probate sales, the intention of the law to dis-
tribute the effects of the deceased among per-
sons having just claims on his succession, ac-
cording to the rank and privilege of their
credits, might be entirely defeated; and the
whole estate swallowed up by debts of inferior
dignity; contrary to the rights of the vigilant,
which, on general principles of law, should be
aided, and against every fair claim of privilege
and preference.

It is, therefore, ordered, adjudged, and de-
creed, that the judgment of the district court
be avoided, reversed, and annulled; and it
is further ordered, adjudged, and decreed,
that the plaintiff and appellee do recover from
the defendants and appellants six hundred and
fifty dollars. with interest at the rate of five
per cent. per annum from the judicial demand
until paid, and costs in both courts.

*Johnston* for the plaintiff—*Ogden* for
the defendants.